**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KACEY MARQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:22-cv-00910** |
| | § | |
| **HYATT CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Hyatt Corporation ("Hyatt") files this Notice of Removal, as follows:

**I.
COURT AND PARTY INFORMATION**

1.      HYATT CORPORATION ("Defendant") is the Defendant in this civil action commenced on September 26, 2022, in the 348th Judicial District of Tarrant County, Texas, entitled *Kacey Marquez v. Hyatt Corporation,* Cause No. 348-337132-22 ("State Court Action").

2.      Copies of the (1) Plaintiff's Original Petition, (2) Citation to Defendant Hyatt Corporation, and (3) Defendant Hyatt Corporation's Original Answer; and (4) the Civil Docket Sheet are attached hereto and constitute all process, pleadings and orders served in the State Court Action. *See* Index of State Court Documents attached hereto. The address for the 348th Judicial District of Tarrant County, Texas is as follows: Tom Vandergriff Civil Courts Building, 3rd Floor, 100 North Calhoun Street, Fort Worth, Texas 76196.

3.      Plaintiff in the State Court Action is Kacey Marquez ("Plaintiff"). Plaintiff is represented by Mackenzie B. Linyard (Texas Bar No. 24083399) of RAD LAW FIRM, 8001 LBJ Fwy., Ste. 300, Dallas, TX 75251, (972) 661-1111, mlinyard@radlawfirm.com and

efileML@radlawfirm.com. Defendant Hyatt Corporation is the Defendant in the State Court Action and is represented by Michael A. Logan (Texas Bar No. 12497500) and John W. "Jack" Delaney (Texas Bar No. 24125200) of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, mlogan@krcl.com, jdelaney@krcl.com.

## II.
## STATE COURT ACTION

4.      Plaintiff claims that on October 8, 2020, she was injured while a guest at the Hyatt Regency DFW Airport located at 2334 North International Parkway, Dallas, TX 75261, when Defendant's employee came to her hotel room and sexually assaulted her.

5.      A trial by jury has not been requested in the State Court Action.

## III.
## GROUNDS FOR REMOVAL

6.      Defendant files this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a).  A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441.  The Fort Worth Division of the Northern District of Texas is the United States district and division embracing Tarrant County, Texas, the county in which the State Court Action is pending.

A.      **This Notice of Removal is timely filed.**

8.      The citation and petition in this action were served on Defendant on October 3,

2022, by serving Defendant's registered agent.  This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B.**    **Complete diversity exists between the parties properly joined.**

9.    This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.  Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

10.    As stated in Plaintiff's Original Petition, Plaintiff resides in San Benito County, Texas.  Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

11.    Defendant Hyatt Corporation is a corporation formed under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced in Chicago, Illinois.  Therefore, Defendant Hyatt Corporation is not a citizen of the State of Texas.

12.    Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332.

**C.**    **The amount in controversy requirement is satisfied.**

14.    As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Specifically, Plaintiff seeks monetary relief no greater than $250,000.  *See* Plaintiff's Original Petition, ¶1.02.

15.    Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 348th Judicial District, Tarrant County, Texas.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:   */s/ Michael A. Logan*
   Michael A. Logan
   Attorney-in-Charge
   TX State Bar No. 12497500
   E-Mail: mlogan@krcl.com

   901 Main Street, Suite 5200
   Dallas, Texas 75202
   Telephone: (214) 777-4294
   Facsimile: (214) 777-4299

**ATTORNEY FOR DEFENDANT HYATT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 11th day of October, 2022 a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

*/s/ Michael A. Logan*
Michael A. Logan

# EXHIBIT 1

FILED
TARRANT COUNTY
9/26/2022 2:59 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-337132-22 _____

| | | |
|---|---|---|
| **KACEY MARQUEZ,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **HYATT CORPORATION,** | § | |
| **DEFENDANT.** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KACEY MARQUEZ, Plaintiff, complaining of and against HYATT CORPORATION, Defendant, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01    Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level 1.

1.02    Plaintiff seeks monetary relief no greater than $250,000.

### II. PARTIES, JURISDICTION, AND VENUE

2.01    Plaintiff is an individual residing in San Benito County, Texas.

2.02    Defendant, HYATT CORPORATION, is a Delaware corporation with its principal office in Illinois.  Defendant can be served with process by serving its registered agent, United States Corporation Co, and can be served through its registered address 211 E. 7th Street, Suite 620 Austin, Texas 78701.

2.03    This Court has jurisdiction over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and venue is

proper because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Tarrant County, Texas.

### III. <u>STATEMENT OF FACTS</u>

3.01    On or about October 8, 2020, Plaintiff was a guest at Defendant's hotel property known as Hyatt Regency DFW Airport.  Plaintiff patronized the bar at the property and was served by an employee of Defendant.

3.02    After Plaintiff returned to her room, Defendant's employee who had served Plaintiff entered Plaintiff's room where he sexually assaulted Plaintiff and caused her to suffer serious bodily injury and mental anguish.

3.03    At all material times, Defendant failed to develop, maintain, implement, and/or enforce policies and procedures to prevent employees from entering guest rooms in a social capacity and other such acts by its employees.

3.04    At all material times, Defendant failed to properly educate and train its employees in appropriate policies and procedures to prevent employees from entering guest rooms in a social capacity and other such acts by its employees.

### IV. <u>CAUSE OF ACTION</u>

4.01    At all material times, Defendant owed Plaintiff a duty to develop, maintain, implement, and enforce policies and procedures to prevent employees from entering guest rooms in a social capacity and other such acts by its employees.  Defendant further owed Plaintiff a duty to educate and train its employees in appropriate policies and procedures to prevent employees from entering guest rooms in a social capacity and other such acts by its employees.

4.02    At all material times, Defendant failed to act reasonably in the development, maintenance, implementation, and enforcement of policies and procedures to prevent employees

from entering guest rooms in a social capacity and other such acts by its employees.  Defendant further failed to act reasonably in the education and training of its employees in appropriate policies and procedures to prevent employees from entering guest rooms in a social capacity and other such acts by its employees.

4.03    Such failures by Defendant proximately caused Plaintiff to suffer injuries and damages.

## V. <u>DAMAGES</u>

5.01    As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

    a.    Physical pain and mental anguish in the past and future;

    b.    Mental anguish in the past and future;

    c.    Physical impairment in the past and future; and

    d.    Medical expenses in the past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial she has judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and postjudgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
**RAD LAW FIRM**

BY:   */s/Mackenzie Linyard*
**MACKENZIE B. LINYARD**
State Bar No. 24083399
8001 LBJ Fwy, Suite 300
Dallas, Texas 75251

Phone (972) 661-1111
Fax     (972) 661-3537
E-Mail: mlinyard@radlawfirm.com
E-File: efileML@radlawfirm.com
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT 2

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 348-337132-22*

KAREN MARQUEZ
VS.
HYATT CORPORATION

TO: HYATT CORPORATION

B/S REG AGENT-UNITED STATES CORPORATION CO 211 E 7TH ST STE 620 AUSTIN, TX
78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

KAREN MARQUEZ

Filed in said Court on September 26th, 2022 Against
HYATT CORPORATION

For suit, said suit being numbered 348-337132-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

**MACKENZIE B LINYARD**
Attorney for KAREN MARQUEZ Phone No. (972)661-1111
Address      8001 LBJ FWY STE 300 DALLAS, TX 75251

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 28th day of September, 2022.

By _____
FELECIA SALAZAR

A CERTIFIED COPY
ATTEST: 09/28/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Felicia Salazar

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *34833713222000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____   _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this ____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                        _____
                        County of _____, State of _____

# CITATION

Cause No. 348-337132-22

KAREN MARQUEZ

VS.

HYATT CORPORATION

## ISSUED

This 28th day of September, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        FELICIA SALAZAR Deputy

MACKENZIE B LINYARD
Attorney for: KAREN MARQUEZ
Phone No. (972)661-1111
ADDRESS: 8001 LBJ FWY STE 300

DALLAS, TX 75251

## CIVIL LAW



*34833713222000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 09/28/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Felicia Salazar

# EXHIBIT 3

348-337132-22

FILED
TARRANT COUNTY
10/7/2022 9:26 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-337132-22

| | | |
|---|---|---|
| KACEY MARQUEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | 348TH JUDICIAL DISTRICT |
| | § | |
| HYATT CORPORATION | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**HYATT CORPORATION** ("Defendant") files its Original Answer, as follows:

### I.
### GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in Plaintiff's Original Petition, and any amendments or supplements thereto, and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE DEFENSES

2.      As permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following by way of affirmative defenses that may be shown by the evidence:

    a.  Defendant is not responsible for the actions and/or omissions of an employee or off-duty employee when such actions and/or omissions occurred outside of the course and scope of the employee's employment and were not in furtherance of the employer's business.

    b.  Intentional torts committed by Kumar were not in the course and scope of his employment with Defendant.

    c.  Assault of Plaintiff by Kumar was not in the course and scope of his employment with Defendant.

    d.  The actions of Kumar were not foreseeable to Defendant.

    e.  The comparative negligence of Plaintiff, including but not limited to inviting Kumar to Plaintiff's room, and voluntarily consuming alcohol and vaping while taking prescription medication.  Such conduct was a proximate cause or the sole proximate cause of Plaintiff's injuries, if any. Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant requests that the jury assess the comparative negligence, of Plaintiff, and Defendant asserts that it is only

responsible to Plaintiff for its percentage of responsibility, if any, as determined by the trier of fact.

f.  Pursuant to § 41.0105 of the Texas Civil Practice & Remedies Code, the recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Furthermore, at the trial of the above-styled cause, Plaintiff may only offer and/or present evidence to the trier of fact related to the medical and/or healthcare expenses actually paid or incurred minus any offsets or adjustments allowed by the medical or healthcare providers.

g.  Defendant it not liable to Plaintiff because of the affirmative defense of consent. By agreeing to get together with and inviting Kuman to her hotel room, and voluntarily consuming alcohol and vaping with him while ingesting prescription medication, Plaintiff thereby consented to Kumar's present in her room and his violation of any applicable non-fraternization policy that may have applied to him.

h.  Defendant is not liable to Plaintiff because the criminal act by Kumar constitutes an intervening and/or superseding cause thereby precluding liability from this Defendant.

i.  If prejudgment interest is recoverable in this case, it is limited in accordance with § 304.101, et seq. of the Texas Finance Code.

j.  If post-judgment interest is recoverable in this case, it is limited in accordance with § 304.003(c) of the Texas Finance Code.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, that Defendant recover its costs and attorneys' fees incurred herein, and that Defendant be granted such other and further relief to which it may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael A. Logan*
Michael A. Logan
State Bar No. 12497500
E-Mail: mlogan@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:     (214) 777-4294
Facsimile:     (214) 777-4299

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the following counsel of record this 7th day of October 2022:

**_Via E-Service_:** mlinyard@radlawfirm.com; efileML@radlawfirm.com
Mackenzie Linyard
RAD LAW FIRM
8001 LBJ Fwy, Suite 300
Dallas, TX 75251

/s/ Michael A. Logan

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Rose on behalf of Michael Logan
Bar No. 12497500
crose@krcl.com
Envelope ID: 68997609
Status as of 10/7/2022 9:33 AM CST

Associated Case Party: THEHYATT CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Alan Logan | 12497500 | Mlogan@krcl.com | 10/7/2022 9:26:33 AM | SENT |
| Jack Delaney | | jdelaney@krcl.com | 10/7/2022 9:26:33 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Rose on behalf of Michael Logan
Bar No. 12497500
crose@krcl.com
Envelope ID: 68997609
Status as of 10/7/2022 9:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mackenzie Linyard | | efileML@radlawfirm.com | 10/7/2022 9:26:33 AM | SENT |
| Crystal Rose | | crose@krcl.com | 10/7/2022 9:26:33 AM | SENT |
| Christina Woodard | | cwoodard@krcl.com | 10/7/2022 9:26:33 AM | SENT |

# EXHIBIT 4

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    10/11/2022 9:28 AM

**Court :** [348 ▼]   **Case :** [337132]   [Search]   [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 348-337132-22**                    **Date Filed : 09-26-2022**

KAREN MARQUEZ  **|VS|**  HYATT CORPORATION

**Cause of Action :** INJURY OR DAMAGE, ASSAULT/BATTERY

**Case Status :** PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|---|---|---|
| 09-26-2022 | PLTF'S ORIG PET | PDF  N | $350.00 | |
| 09-26-2022 | PAYMENT RECEIVED trans #1 | Y | | $213.00 |
| 09-26-2022 | PAYMENT PAID TO STATE trans #1 | Y | | $137.00 |
| 09-26-2022 | CIT-ISSUED ON HYATT CORPORATION-On 09/28/2022 | PDF  N   Svc | $8.00 | |
| 09-26-2022 | PAYMENT RECEIVED trans #4 | Y | | $8.00 |
| 10-07-2022 | DENF'S ORIG ANS | PDF | | $0.00 |